IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

WILLIAM HORTON, on behalf of himself
and all others similarly situated,                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 5:17-cv-04041

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,    DEFENDANT

## CLASS ACTION COMPLAINT

1. The Plaintiff, William Horton, is a resident of Raleigh County, West Virginia.

2. The Defendant, Portfolio Recovery Associates, L.L.C., (herein "PRA") is a limited liability corporation created under the laws of Delaware with its principal offices located at 120 Corporate Blvd., Suite 100, Norfolk, Virginia 23502, and the members of the Limited Liability Corporation are all residents and citizens of the state of Virginia.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. §1331, 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201. The court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. 1367(a).

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2).

### THE PARTIES

5. The Plaintiff, William Horton, is a resident of Raleigh County, West Virginia, who brings this action in his own right and as a representative of a class of West Virginia consumers more particularly defined herein.

6. Plaintiff is a "consumer" as defined by the *West Virginia Consumer Credit Protection Act* (WVCCPA), *West Virginia Code* §46A-2-122(a) who incurred an obligation for a debt for personal, family or household expenses.

7. Plaintiff is a "consumer" as defined by Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692a(3).

8. PRA is a "debt collector" engaged in "debt collection" of a "claim" from a "consumer" all as defined by WVCCPA, *West Virginia Code* §46A-2-122.

9. PRA is a "debt collector," as defined under the FDCPA by 15 U.S.C. §1692a(6).

## OPERATIVE FACTS

10. PRA mailed collection letters to Plaintiff dated October 14, 2016 and March 14, 2017 and at other times better known to PRA, to collect a debt when the debt was beyond the statute of limitations for filing a legal action for collection.

11. The collection letters sent by PRA advised Plaintiff **"due to the age of this debt, we will not sue you for it…"** when, at those times, PRA was legally barred from suing to collect the debt because the debt was beyond the statute of limitations.

12. The collection letters sent by PRA to Plaintiff advised Plaintiff that his debt would be "Settled in Full" and that PRA was not obligated to renew this offer to settle Plaintiff's debt, suggesting to Plaintiff and any unsophisticated consumer that the debt was legally enforceable.

13. The collection letter sent by PRA to Plaintiff suggested installment payments without advising Plaintiff that any payment upon the debt would re-start the statute of limitations and expose Plaintiff to future liability and litigation to collect this debt.

14. Upon information and belief, PRA sent the same or similar letters to West Virginia consumers on or after June 6, 2014, seeking to collect debt when the debt was beyond the statute of limitations for filing a legal action for collection.

### CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of all others similarly situated.

16. The class of consumers represented by Plaintiff in this action are defined as:

All persons with a West Virginia address who were sent collection letters on or after June 6, 2014, by PRA where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action for collection when:

    a. the initial letter sent on or after June 6, 2014 did not contain the disclosures required by the WVCCPA, *West Virginia Code* §46A-2-128(f);

    b. the letter contained the words "due to the age of this debt, we will not sue you"; or

    c. the letter suggested that the claim against the consumer could be "settled" or was subject to settlement.

17. Defendant has corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Plaintiff. Defendant carries out its policies and procedures through the use of standardized collection activities, including the use of standardized letters.

18. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Defendant and/or its employees, representatives or agents.

19. The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Defendant's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

20. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

21. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to a claim by Defendant to pay an alleged debt when the alleged debt was beyond the statute of limitations and received the same or nearly identical letters as all other class members.

22. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict

with those of the class and the relief sought by Plaintiff will inure to the benefit of the class generally.

23. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendant.

24. The actions of PRA are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Defendant for violations of the WVCCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

25. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Defendant and it would be impracticable for the class members to individually seek redress for the Defendant's wrongful conduct.

26. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Defendant would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Defendant. Conversely, a class action will prevent far fewer management

difficulties, provide the benefits of a single adjudication, conserve time, effort and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

27. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

28. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

29. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

30. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Defendant maintains computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

F:\CM\23556\23556\ClassActionComplaint 09 28 17.docx

31. Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of and willing to represent the other members of the class.

## COUNT I

### INDIVIDUAL AND CLASS CLAIMS FOR VIOLATION OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT (WVCCPA)

32. The attempt by PRA to collect a time-barred debt from Plaintiff on or after June 6, 2014, without the disclosures required by *West Virginia Code* §46A-2-128(f) was a *per se* unfair or unconscionable means to collect or attempt to collect a claim from Plaintiff and the class he represents, in violation of West Virginia Code §46A-2-128.

33. Defendant's attempt to collect time-barred debt without the disclosures required by *West Virginia Code* §46A-2-128(f) is a prohibited false representation or implication of the character, extent or amount of the claim against Plaintiff and the class he represents, or the status of such claim in a legal proceeding in violation of *West Virginia Code* §46A-2-127(d) and *West Virginia Code* §127, generally.

34. All acts of Defendant are in an attempt to collect a debt from Plaintiff, or the class he represents, after the failure to provide the disclosure required by *West Virginia Code* §46A-2-128(f) in the initial written communication.

35. Each such act is a violation of *West Virginia Code* §46A-2-125 as unreasonably oppressive or abusive attempts to collect debt, as well as a violation of *West Virginia Code* §46A-2-124(f) as a threat to take action prohibited by the WVCCPA or other law regulating PRA's conduct.

36. PRA's use of the phrase "due to the age of this, we will not sue you" or words of similar import, when sending a collection letter to Plaintiff or the class of persons he represents, when the debt was beyond the statute of limitations and PRA was legally barred from suing upon the debt was:

    a. An unreasonably oppressive means to collect the debt violation of West Virginia Code §46A-2 125;

    b. A false representation or implication of the character, extent or amount of the claim against the consumer, or its status in any legal proceeding, in violation of West Virginia Code §46A-1-127(d); and

    c. A threat to take action prohibited by the WVCCPA or other law regulating PRA's conduct, in violation of West Virginia Code §46A-2-124(f).

37. The use of the terms "settle", "settled" or "settled" or words of similar import in the collection letters sent to Plaintiff and the class of persons he represents lead an unsophisticated consumer to believe that a time-barred debt is legally enforceable and therefore is a false representation replication of the character, extent or amount of a claim against a consumer, or its status in any legal proceeding, in violation of West Virginia Code §46A-1-127(d).

38. All of Defendant's acts complained of herein were "willful" within the meaning of *West Virginia Code* §46A-5-103(4) and criminal within the meaning of *West Virginia Code* §46A-5-105.

39.     By reason thereof, PRA is liable to Plaintiff and the class of persons he represents for judgment that the conduct of PRA violated the WVCCPA, §46A-1-101 *et seq.*, as well as actual damages, statutory damages, costs and attorney fees.

### COUNT II

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

40.     The attempt by PRA to collect time-barred debt from Plaintiff and the class of persons he represents violates 15 U.S.C. §1692 of the FDCPA.

41.     Chapter 15 U.S.C. §1692e states the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

42.     The defendant violated Chapter 15 U.S.C. §1692e by:

a.     Falsely representing the legal status of a debt in violation of 15 U.S.C. §1692e(2)(A)[1], §1692e(5)[2] and §1692e(10)[3] by advising the Plaintiff and the class of persons Plaintiff represents, that PRA "due to the age of this debt, we will not sue you", when the debt was barred by the statute of limitations and PRA was legally barred from suing upon the debt;

b.     Falsely representing the legal status of a debt in violation of 15 U.S.C. §1692e(2)(A), §1692e(5) and 16923(10) by suggesting to Plaintiff and the class of persons he represents that the alleged debt can be "Settled in Full" or words of similar

---

[1] "The false representation of the character, amount, or legal status of any debt".
[2] "The threat to take any action that cannot legally be taken or that is not intended to be taken."
[3] "The use of any false representation or deceptive means to collect or attempt to collect any debt…"

import, implying to an unsophisticated consumer that a time-barred debt is legally enforceable; and

  c. Falsely representing the legal status of a debt in violation of 15 U.S.C. §1692e(2)(A), §1692e(5) and 1692e(10) by failing to use mandatory time-barred debt disclosures required by state law on or after June 6, 2014.

  43. By reason thereof, PRA is liable to Plaintiff and the class of persons he represents for judgment that the conduct of PRA violated Section 1692e *et seq.* of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff and each member of the class he represents demand the following relief:

  A. That the Court enjoin Defendant from attempting to collect time-barred debt in the State of West Virginia without complying with *West Virginia Code* §46A-2-128(f);

  B. That actual damages and the statutory penalty, adjusted for inflation, pursuant to *West Virginia Code* §§46A-2-101(1) and 106 be awarded to Plaintiff and each member of the class he represents for each violation of the WVCCPA;

  C. That actual damages and the statutory penalty pursuant to 15 U.S.C. §1692k(a)(2)(A) be awarded to Plaintiff and each member of the class he represents for violation of the FDCPA;

D. That Defendant be ordered to account for all time-barred debt collected from the class and reimburse each such member of the class all monies collected with interest thereon for the four-year period preceding the filing of this action; and

E. That Defendant be ordered to pay reasonable attorney fees and costs pursuant to the provisions of *West Virginia Code* §46A-5-104; and 15 U.S.C. §1692k(a)(3).

F. For such other and further relief as the Court may deem appropriate.

**WILLIAM HORTON, on behalf of himself and all other similarly situated**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
  & POLLARD, *pllc*

BY:  /s/ Ralph C. Young
  Ralph C. Young *(W. Va. Bar #4176)*
    ryoung@hamiltonburgess.com
  Christopher B. Frost *(W. Va. Bar #9411)*
    cfrost@hamiltonburgess.com
  Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
    sbroadwater@hamiltonburgess.com
  *Counsel for Plaintiff*
  P. O. Box 959
  Fayetteville, WV 25840
  304-574-2727